**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2208-23

RYAN C. ASRI,

      Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,

      Respondent.

_____

Argued November 19, 2024 – Decided December 27, 2024

Before Judges Paganelli and Torregrossa-O'Connor.

On appeal from the Board of Review, Department of Labor, Docket No. 316964.

Ryan C. Asri, appellant, argued the cause pro se.

Elizabeth A. Davies, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Janet Greenberg Cohen, Assistant Attorney General, of counsel; Elizabeth A. Davies, on the brief).

PER CURIAM

Claimant Ryan C. Asri appeals from the final agency decision of the Board of Review, New Jersey Department of Labor (Board), finding him ineligible for Pandemic Unemployment Assistance (PUA) under the Coronavirus (COVID-19) Aid, Relief, and Economic Security (CARES) Act, 15 U.S.C. §§ 9001-9141. Affording deference to the Board's determination that claimant failed to establish an attachment to the labor market and did not tether his unemployment to a statutorily recognized COVID-19-related reason as mandated by the CARES Act, we affirm.

I.

On May 24, 2020, claimant filed for PUA benefits and was provided with a monetary entitlement of $231 per week, receiving benefits until August 2, 2021. However, in November 2022, the Deputy Director of Unemployment Insurance sent a Notice of Determination that advised claimant he was deemed "ineligible for PUA benefits as of" December 27, 2020, because he failed to provide "proof of [his] attachment to the labor market." Claimant appealed that determination.

At the January 3, 2023 hearing before the Appeal Tribunal, claimant testified that he had not worked "for some time," perhaps since "early 2018," before applying for PUA benefits. He explained that in the fall of 2020, he

returned to school and remained in school "throughout the COVID[-19 pandemic]."

Claimant advised he "applied for a job [with] an insurance company called Alorica," and further testified that he received "a job offer" sometime in 2019 or 2020, "before COVID[-19]." He explained that the employer offered him the job, which was remote, but advised he "needed some kind of . . . high[-]tech lap[top]—and they at first told [him] they [would] provide[] it." Claimant clarified that he later learned he would be required to purchase the computer equipment before commencing employment, but he was unable financially to do so at the time.

He testified that as a result he never commenced working. He explained the employer informed him he "would have to reapply and try again in six months." His request to work part time while trying to obtain the computer equipment was denied. Claimant stated that he then sought but was unable to secure work throughout the COVID-19 pandemic.

The Appeal Tribunal found, by written decision dated January 3, 2023, claimant was "not eligible for PUA benefits from [December 27, 2020] through [September 4, 2021] as he was unable to establish labor market attachment and his unemployment was not due to one of the COVID-19[-]related reasons

A-2208-23

identified in Section 2102(a)(3)(A) of the CARES Act." The Tribunal remanded the matter for determination of claimant's "potential liability for refund of benefits" already paid.

Claimant appealed the Tribunal's ineligibility decision. In February 2024, by written decision, the Board denied the appeal, finding claimant received a full hearing with the opportunity to present evidence and testimony. The Board agreed with the Appeal Tribunal's decision, explaining, "[c]laimants who have no earnings (in either covered or self-employment) in 2019 [and] 2020 (prior to the pandemic), or did not have a bona fide offer of work that was disrupted due to the pandemic, are ineligible for [PUA] . . . benefits."

The Board "d[id] not dispute that . . . claimant had a job offer in November 2019," but instead found the "testimony provided by . . . claimant established that the job offer was not rescinded due to any COVID-19[-]related reason which render[ed] him ineligible for PUA benefits."

II.

Claimant appeals, contending the Board improperly denied his claim for benefits after initially providing them. He asserts that he was eligible for PUA because he received an offer of employment, even though he did not commence that work.

A-2208-23

III.

"We review a decision made by an administrative agency entrusted to apply and enforce a statutory scheme under an enhanced deferential standard." E. Bay Drywall, LLC v. Dep't of Lab. & Workforce Dev., 251 N.J. 477, 493 (2022). Accordingly, "we will disturb an agency's adjudicatory decision only upon a finding that the decision is 'arbitrary, capricious or unreasonable,' or is unsupported 'by substantial credible evidence in the record as a whole.'" Sullivan v. Bd. of Rev., Dep't of Lab., 471 N.J. Super. 147, 155-56 (App. Div. 2022) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). The burden to show an agency's abuse of discretion "is on the challenger." Parsells v. Bd. of Educ., 472 N.J. Super. 369, 376 (App. Div. 2022).

"[I]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the factfinder could reasonably so conclude upon the proofs." Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997) (quoting Charatan v. Bd. of Rev., 200 N.J. Super. 74, 79 (App. Div. 1985)). Further, we afford "[w]ide discretion . . . to administrative decisions because of an agency's specialized knowledge." In re

Request to Modify Prison Sentences, 242 N.J. 357, 390 (2020); see also Sullivan, 471 N.J. Super. at 156.

IV.

We discern no abuse of discretion in the Board's determination, rooted in the hearing record developed before the Appeal Tribunal, denying PUA benefits. The record supported the conclusion that claimant's unemployment—including after his job offer—did not result from one of the COVID-19-related reasons enumerated under the CARES Act.

Indeed, Congress enacted the CARES Act specifically as a vehicle to afford PUA benefits to certain "covered individual[s]" otherwise ineligible for regular unemployment benefits during the pandemic, but unemployed for one of the COVID-19-related reasons listed in the statute. See Sullivan, 471 N.J. Super. at 153; see also 15 U.S.C. § 9021.

The CARES Act narrowly provides, in pertinent part, that an individual is only eligible upon:

> (ii) provid[ing] self-certification that the individual—
>
>> (I) is otherwise able to work and available for work within the meaning of applicable State law, except the individual is unemployed, partially unemployed, or unable or unavailable to work because—

(aa) the individual has been diagnosed with COVID-19 or is experiencing symptoms of COVID-19 and seeking a medical diagnosis;

(bb) a member of the individual's household has been diagnosed with COVID-19;

(cc) the individual is providing care for a family member or a member of the individual's household who has been diagnosed with COVID-19;

(dd) a child or other person in the household for which the individual has primary caregiving responsibility is unable to attend school or another facility that is closed as a direct result of the COVID-19 public health emergency and such school or facility care is required for the individual to work;

(ee) the individual is unable to reach the place of employment because of a quarantine imposed as a direct result of the COVID-19 public health emergency;

(ff) the individual is unable to reach the place of employment because the individual has been advised by a health care provider to self-quarantine due to concerns related to COVID-19;

(gg) the individual was scheduled to commence employment and does not have a job or is unable to reach the job as a direct

A-2208-23

result of the COVID-19 public health emergency;

(hh) the individual has become the breadwinner or major support for a household because the head of the household has died as a direct result of COVID-19;

(ii) the individual has to quit his or her job as a direct result of COVID-19;

(jj) the individual's place of employment is closed as a direct result of the COVID-19 public health emergency; or

(kk) the individual meets any additional criteria established by the Secretary for unemployment assistance under this section.

[15 U.S.C. § 9021(a)(3)(A).]

The record amply supports the Board's decision that claimant was not eligible for PUA benefits, as he failed to show an attachment to the workforce and did not fall within one of the enumerated statutory CARES Act categories. Claimant's own testimony established that he had not been employed since roughly 2018. The Board accepted that he did receive a job offer in November 2019, but also reasonably relied on claimant's explanation that he never commenced work because he was unable to purchase the necessary equipment

8

to perform the job. Thus, we conclude the Board's ineligibility determination was not arbitrary, capricious, or unreasonable.

To the extent not addressed, any of claimant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2208-23